MEMORANDUM *
Raj Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (BIA) denial of his application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and we grant the petition and remand for further proceedings.
The BIA adopted and affirmed the Immigration Judge’s (IJ) adverse credibility finding “to the extent that the Immigration Judge based them on inadequately explained material inconsistencies and lack of reasonably available corroboration.” In particular, the BIA relied on Kumar’s Hindu name, comments he made during his asylum interview, differences between his father’s two affidavits and a failure to “provide[ ] evidence of his continued participation in the Sikh religion.”
First, Kumar’s Hindu name is not substantial evidence that he is not a practicing Sikh. Neither the BIA nor the IJ grappled with Kumar’s explanation that he has a Hindu name because he was born Hindu and converted to Sikhism. Cf. Chen v. *667 Ashcroft, 362 F.3d 611, 618 (9th Cir.2004) (remanding when petitioner “was denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony”).
Second, Kumar’s testimony before the IJ that he had told the asylum officer a major Sikh holiday falls “between [April] 13th and April 16th” is not substantial evidence to support an adverse credibility finding. This statement was accurate and, at most, imprecise. To the extent the IJ relied on other statements in the Assessment to Refer, that was also improper. See Singh v. Gonzales, 403 F.3d 1081, 1089-91 (9th Cir.2005) (concluding that comments in an Assessment to Refer could not serve as substantial evidence supporting the IJ’s adverse credibility finding absent indicia of reliability).
Third, although there were differences in the two affidavits that Kumar submitted from his father, the IJ does not appear to have found those differences sufficient standing alone to support the adverse credibility finding. The earlier affidavit says police visited the family home a “few times” and beat Kumar’s father. The later affidavit says police were “frequently visiting,” did not mention any beating and said there was a court case or a criminal case pending against Kumar. The IJ concluded that “[t]hese contradictions as well as the [other] concerns about Mr. Kumar are sufficient to find the respondent’s [sic] to be not credible....” (Emphasis added.) Because the other “concerns” are improper, we hesitate to affirm the adverse credibility finding solely on the basis of these differences in the affidavits.
Finally, the BIA and IJ erred by relying on Kumar’s failure to present evidence to corroborate his attendance at Sikh religious facilities. The IJ did not give Ku-mar a reasonable opportunity to explain the absence of corroborating evidence. For example, when the IJ asked Kumar why he had not produced a witness to confirm that he attended Sikh facilities in San Jose and Fremont, Kumar responded “I haven’t brought it, but I can bring it.” Thereafter, the IJ never asked Kumar to make good on that offer yet then relied on the absence of any such witness to find that Kumar lacked credibility. That was unfair. See Joseph v. Holder, 600 F.3d 1235, 1246 n. 9 (9th Cir.2010) (holding in a pre-REAL ID Act case that “[t]he IJ ... erred by not giving [petitioner] an opportunity to explain his failure to provide additional corroborating evidence”).
Because “each of the [BIA]’s ... proffered reasons for an adverse credibility finding fails,” Kaur v. Ashcroft, 379 F.3d 876, 890 (9th Cir.2004), we vacate that finding.
The BIA held alternatively that even if Kumar had testified credibly he “did not establish that the pm-ported criminal investigation had or has ‘no bona fide objective, so that political persecution must have been the real reason for it.’ ” Dinu v. Ashcroft, 372 F.3d 1041, 1044-45 (9th Cir.2004). Kumar had a burden to establish that any mistreatment was or will be inflicted at least in part on account of a protected ground; he was not required to disprove any bona fide purpose for the way police treated him. See Borja v. INS, 175 F.3d 732, 735 (9th Cir.1999) (en banc) (petitioner need only show that harm was motivated at least in part by an actual or implied protected ground); cf. Dinu, 372 F.3d at 1044-45 (noting that petitioners who lack affirmative evidence of their persecutors’ motivation can rely on a presumption that persecutors’ motive is political if the record reveals “no other logical reason for the persecution at issue”) (internal quotation marks omitted).
In summary, we vacate the adverse credibility finding and the finding that Ku-mar could not have been persecuted on *668 account of a protected ground. On remand, the BIA may reexamine Kumar’s credibility, especially because we reject the adverse credibility in part because the IJ failed to address either Kumar’s explanation of inconsistencies or his offer to produce coiTobox-ating evidence. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009). If necessary, the BIA may also reexamine whether Kumar has carried his burden of establishing persecution “on account of’ a protected ground, but any such reexamination must account for the possibility of mixed motives.
PETITION FOR REVIEW GRANTED IN PART; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.